STATE v. JACOB VANCE, JR.

(Filed 12 October, 1966.)

Robbery § 4—

The evidence in this case is *held* amply sufficient to sustain a conviction of defendant of armed robbery, G.S. 14-87, notwithstanding defendant's evidence in conflict with that of the State.

APPEAL by defendant Vance from *McLean, J.,* 7 March 1966 Regular "A" Criminal Session of MECKLENBURG.

Criminal prosecution on an indictment charging defendant and one Levi Mixon with armed robbery in the language of G.S. 14-87.

Plea: Not guilty by each defendant. Verdict: Guilty as to Vance. The record before us does not disclose whether Mixon was convicted or acquitted.

From a judgment of imprisonment, defendant Vance appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*
*William G. Robinson for defendant appellant.*

PER CURIAM. From the record before us it appears that William G. Robinson, a member of the Mecklenburg County Bar, represented defendant Vance, and that T. O. Stennett, a member of the Mecklenburg County Bar, represented defendant Mixon. The State and defendant Vance introduced evidence; defendant Mixon, according to the record before us, introduced no evidence.

The State's evidence shows these facts: On 20 January 1966 O. D. Ferrell was manager of a general merchandise store operated by S. W. & C. W. Davis Company on Highway #115 about eight miles

from the city of Charlotte. About 2 p.m. of that day Ferrell was standing behind a counter in the store, and defendants Vance and Mixon came in and proceeded to the counter. Ferrell walked towards them, and Mixon threw a pistol in his face and said, "This is it, you so and so." Ferrell dropped behind the counter. Mixon came around the counter, threw the pistol in his face, and said, "You g . . d . . . so and so, if you put your hands on anything, I will blow your brains out." He got up. Vance had stepped up to the end of the counter with his pistol on Ferrell, and told him to open the cash register and give him the money. Ferrell did so, giving him $138. Then one of them said to Ferrell, "Now empty your g . . d . . . pockets," but before he had a chance to get any of his money out of his pocket, one of them gave him a shove and told him to get down behind the counter, which he did. Then they ran out and one of them fired a shot.

Joseph B. Whitener had stopped at the store to make a purchase. As he was getting out of his car he saw two colored men "barrelling out of the door of the store." He went into the store, and Ferrell told him he had been held up.

Mr. and Mrs. J. R. Dutton were passing the Davis store in an automobile. Joseph Whitener flagged them down, and told them of the robbery of Ferrell and that the two colored men were going down the road and to watch them. They did so, and further down the road they saw these two colored men get into a late model white Pontiac, license No. DR-1030. Two men were already in the car. They went back to the Davis store and gave Ferrell the license number of this automobile.

An investigation by the Mecklenburg County police showed that license plate No. DR-1030 was issued in the name of Frank Porter, 1112 Winifred Street, Charlotte. The car was a 1963 white Pontiac. Frank Porter informed the police that he had loaned the car to defendant Vance on 20 January 1966 and that Vance returned the car to him on 21 January 1966.

Defendant's evidence shows the following: He is 32 years old. On 20 January 1966 he was driving Frank Porter's Pontiac automobile in the vicinity of the Davis store on Highway #115. Junior Gills, Florence Massey, and another nicknamed "Skeets," whose name he does not know, were in the automobile with him. Vance was going to the Florida Steel Company to pick up his pay check. The three passengers in his car were having a conference about a cash register and a game played by two or more men where one man buys an item and distracts the attention of the cashier while the other man walks up and takes the money from the cash register. At a service station near the Davis store he stopped to get some soft

drinks, and Skeets and Gill got out of the automobile. They started across the highway toward the Davis store. He hollered to them to see if they wanted him to wait. They replied, "No, go down to Florida Steel. We will be down there." He did so. About ten minutes later he saw Skeets running down the highway with Gill behind him. Skeets was sweating when he got in the automobile. About ten seconds later Gill with a pistol "drawed up in his hands" jumped in the car. He asked them, "What is this?" They said, "Take off." He drove the car away. He had nothing to do with the robbery. He had "a million different things going through my mind at the time." He had been tried and convicted of common law robbery and armed robbery, and was on parole. He did not want to get involved in what they had done. Vance denied at all times that he had anything to do with this particular robbery.

The State's evidence was amply sufficient to carry the case to the jury as to Vance, and to sustain the verdict of the jury as to him. We have carefully examined all defendant's exceptions and assignments of error, and all are overruled. No prejudicial error has been shown. Defendant Vance's counsel candidly states in his brief that after a diligent search of the record by him he is unable to find any prejudicial error which would warrant the Court in disturbing the trial below.

In the trial below we find

No error.